**FILED**
**NOVEMBER 6, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HECTOR FERRAL, A#: 072 503 928,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; DON FERGUSON, Acting Director, Chicago Office, U.S. Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services; EMILIO GONZALES, Acting Director, U.S. Citizenship and Immigration Services; ROBERT MUELLER, Director, Federal Bureau of Investigation; PETER KEISLER, Acting Attorney General of the United States,<br><br>Defendants. | **07 C 6299**<br><br>Civil Action No.<br><br>**JUDGE LINDBERG**<br>**MAGISTRATE JUDGE VALDEZ**<br><br>**CEM** |

<u>PETITION FOR WRIT OF MANDAMUS</u>

Plaintiff, Dr. Hector Ferral, by and through his attorneys, and for his Petition for Writ of Mandamus, alleges as follows:

### INTRODUCTION

1.     This petition is brought to compel Defendants and those acting under them to take action on Plaintiff's Form N-400, Application for Naturalization, (hereafter "the Application") in order for Plaintiff to become a Naturalized Citizen of the United States. Plaintiff filed the Application with the former Immigration and Naturalization Service's ("INS") Lincoln, Nebraska Office on or about June 1, 2004. On September 29, 2004, Plaintiff appeared and was interviewed for his Application in the former INS's Chicago Field Office, and successfully passed the English language, history and government tests. However, to this day, over *three*

CHICAGO/#1703312.2

*years* after his interview, Plaintiff still awaits the completion of his background check and the ultimate decision of the U.S. Citizenship and Immigration Services ("USCIS"). Certainly more than 120 days have passed since the interview in this matter, thus vesting jurisdiction with this court under 8 U.S.C. § 1447.

**JURISDICTION AND VENUE**

2.  The Court has jurisdiction over this civil action, which is brought pursuant to 8 U.S.C. § 1447, 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701, and 28 U.S.C. § 2201 *et. seq*. to redress the deprivation of rights, privileges and immunities secured to Plaintiff, and to compel Defendants to perform a duty Defendants owe to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. § 704. This Court is empowered to preside over and adjudicate this matter. U.S. Const. Art. III.

3.  Venue is proper under 28 U.S.C. § 1391(e) because the Plaintiff resides in this district and no real property is involved in this action.

**FACTUAL BACKGROUND**

4.  Plaintiff was born in Germany and is a native and citizen of Mexico.

5.  Plaintiff's Permanent Resident Status in the United States was granted on December 19, 1996. *See* Ex. 1, copy of Plaintiff's Resident Alien Card. Plaintiff received his Permanent Resident status by being sponsored for an H-1B Visa by his then employer, Louisiana State University Medical Center. Plaintiff became statutorily eligible to file a Form N-400, Application for Naturalization, on September 19, 2001, four years and nine months after the grant of Permanent Resident Status.

6. Plaintiff filed his Application with the former INS's Lincoln, Nebraska Office, on or about June 1, 2004. Plaintiff's Application was processed and reviewed by the former INS's Chicago, Illinois Field Office.

7. Plaintiff was interviewed in the Chicago, Illinois Field Office on September 29, 2004, and successfully passed the English language and civics examinations. However, despite Plaintiff's successful interview and passage of the language and civics tests, Plaintiff's Application remains pending, allegedly due to an on-going background investigation.

8. Counsel for Plaintiff has made numerous inquiries to USCIS regarding the status of Plaintiff's Application. *See* Plaintiff's inquiries to USCIS dated May 5, 2005, October 24, 2005, and January 6, 2006, attached hereto, respectively, as Group Ex. 2. In response, USCIS has not provided a clear reason for the delay, other than informing Plaintiff that the processing of his case has been delayed because the required investigation into his background remains open. *See* USCIS's February 10, 2006 response to Plaintiff's inquiry, attached hereto as Ex. 3. Further, to date, USCIS has made no effort to contact counsel for Plaintiff.

9. In addition, Plaintiff, a resident of Chicago, Illinois, has sought the assistance of United States Senator Richard Durbin of Illinois. On January 9, 2007, counsel for Plaintiff sent a letter to Senator Durbin, along with Plaintiff's completed Privacy Act Release Form, requesting assistance in processing Plaintiff's Application. *See* January 9, 2007 letter to Senator Durbin and Plaintiff's Privacy Act Release Form, attached hereto as Group Ex. 4. Unfortunately, Senator Durbin was unable to assist Plaintiff.

10. To this day, over three years after the interview, Plaintiff still awaits the decision of USCIS. The unreasonable and unjustified delay in processing Plaintiff's Application has

caused, and continues to cause, personal hardship for Plaintiff. While patiently awaiting adjudication of his Application, Plaintiff's family life has suffered. Plaintiff's former wife lives in Mexico City with one of the couple's two sons, Manuel. Manuel is a citizen of Mexico, and a Permanent Resident of the United States. Plaintiff's other son, Emilio, lives in Chicago with Plaintiff. Emilio was born in the United States and is a United States citizen. The uncertainty surrounding Plaintiff's citizenship has made it more difficult for his children to travel between Chicago and Mexico City to visit each other and their parents.

11.     In addition, Plaintiff, a medical doctor, is currently employed as a Radiologist for Affiliated Radiologists and practices at Rush Presbyterian Hospital in Chicago, Illinois ("Rush"). Plaintiff has also recently been promoted to a full professor at Rush. Due to the prolonged evaluation of Plaintiff's Application, Plaintiff has been concerned about the prospects of continuing his lawful employment in the United States. Because of this, Plaintiff has been deprived of the peace of mind regarding his professional future to which he is entitled.

12.     Finally, Plaintiff greatly desires the benefits and rights granted to all United States citizens under the Constitution, including, the right to vote. From 1995 to 2003, Plaintiff diligently attended to the medical needs of our aging soldiers and other citizens at VA hospitals in Louisiana and Texas, and continues to care for patients in Illinois at Rush. Plaintiff has also diligently paid his taxes from 1995 to the present. Thus, Plaintiff has been an exemplary resident of the United States for several years. However, despite his service and financial contributions to this country, Plaintiff still lacks the right to vote, and greatly desires the opportunity to exercise this right.

## CLAIMS

13. Plaintiff is eligible to have his Application adjudicated.

14. Defendants, the Department of Homeland Security, the Federal Bureau of Investigations, and the U.S. Citizenship and Immigration Services, are charged by law with the statutory obligation to adjudicate Plaintiff's Application.

15. Defendants have willfully and unreasonably delayed in and have refused to adjudicate Plaintiff's Application, thereby depriving him of the benefits of becoming a naturalized U.S. Citizen.

16. Defendants owe Plaintiff a duty to adjudicate the Petition and have unreasonably failed to perform that duty. This unreasonable delay has detrimentally impacted Plaintiff's family situation and has impaired his ability to make important decisions in his personal and professional life. This unjustified delay has also deprived him of the right to full citizenship residency and the peace of mind to which he is entitled.

17. Plaintiff has exhausted any and all administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

1. Assume jurisdiction over the case and naturalize the Plaintiff under the terms of 8 U.S.C 1447(b); or

2. Compel Defendants and those acting under them to perform their duty to adjudicate the petition, including, but not limited to, compelling USCIS to adjudicate the Application within 60 days and compelling the FBI to issue results of Plaintiff's criminal background and/or name check to USCIS and this Court within 60 days;

3. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted this 6th day of November, 2007.

                                      DR. HECTOR FERRAL

                                      By:/s/ Mark A. Partin
                                            One of His Attorneys

Gabrielle M. Buckley
Mark A. Partin
VEDDER, PRICE, KAUFMAN & KAMMHOLZ. P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
Phone: (312) 609-7500
Fax: (312) 609-5005
gbuckley@vedderprice.com
mpartin@vedderprice.com

CHICAGO/#1703312.2